# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# (SOUTHERN DIVISION)

**CONSTANTINO PAPADIMITROPOULOS,**
**MARVIN MENDOZA**, and **JOYCE VALLONE**,
Individually and on behalf
of all others similarly situated,

Plaintiffs,

  v.

**SANTA ROSA CONSULTING, INC.,**

Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT
## AND JURY DEMAND

   Plaintiffs Constantino Papadimitropoulos, Marvin Mendoza, and Joyce Vallone (collectively "Plaintiffs", through their undersigned counsel, on behalf of themselves and all others similarly situated, file this nationwide collective action and state law class action Complaint against Defendant Santa Rosa Consulting, Inc. ("Defendant" or "Santa Rosa"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and California, Illinois, Indiana, New Jersey, New York, Pennsylvania and Rhode Island law.  Plaintiffs allege that they and other similarly situated workers, as W-2 employees, did not receive full compensation for all hours

worked, including applicable minimum wages and/or overtime wages at time-and-a-half their regular rate of pay in excess of forty (40) in a workweek. The following allegations are based on personal knowledge and information and belief as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## SUMMARY OF CLAIMS

1.  Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") and certain states law by failing to pay Plaintiffs and the putative collective/class members (as defined below) applicable overtime and/or minimum wages for non-travel hours worked and/or for failing to pay anything for certain out-of-town travel hours.

## JURISDICTION, SUPPLEMENTAL JURISDICTION AND VENUE

2.  Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

4.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same controversy.

5.  Upon information and belief, Defendant contends venue is proper in the

Eastern District of Michigan pursuant to the underlying agreement between the parties, which provides that the exclusive jurisdiction for Plaintiff's claims shall be in the Oakland County Circuit Court, Michigan or the United States District Court for the Eastern District of Michigan (Southern Division).

## **PARTIES**

6.  Plaintiff Mendoza is a California resident who worked for Defendant from 2013 until 2018, providing training to new users on how to use commercial software. The new users of the software were employees of Santa Rosa's clients.

7.  Plaintiff Mendoza worked for Santa Rosa in several states, including Illinois and New Jersey. At all relevant times, Plaintiff Mendoza has been an employee who was employed within the meaning of 29 U.S.C. § 203(e) and (g), and corresponding state law.

8.  Plaintiff Vallone is a Rochester, New York resident who worked for Defendant from 2016 to 2018, providing training to new users on how to use commercial software. The new users of the software were employees of Santa Rosa's clients.

9.  Plaintiff Vallone worked for Santa Rosa in different states, including California. At all relevant times, Plaintiff Vallone has been an employee

who was employed by Santa Rosa within the meaning of 29 U.S.C. § 203(e) and (g), and corresponding state law.

10. Plaintiff Constantino Papadimitropoulos is a Florida resident who worked for Defendant from 2016 to 2018, providing training to new users on how to use commercial software. The new users of the software were employees of Santa Rosa's clients.

11. Plaintiff Papadimitropoulos worked for Santa Rosa in several states, including California, Illinois, Indiana, New Jersey, New York, Pennsylvania and Rhode Island.

12. At all relevant times, Plaintiff Papadimitropoulos has been an employee who was employed by Santa Rosa within the meaning of 29 U.S.C. § 203(e) and (g), and corresponding state law.

13. At all relevant times, Defendant was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d).

14. Defendant engaged in interstate commerce or otherwise conducted activities within the scope of 29 U.S.C. §§ 206-207, and its annual gross volume of sales or business done is in excess of $500,000.

15. Defendant's main function is to recruit and hire individuals like Plaintiffs who primarily train hospital employees (new users) how to use certain commercial electronic record keeping software during "go live" events.

Defendant carries out and coordinates its main function from its principal place of business located at 2555 Meridian Blvd., Suite 250, Franklin, Williamson County, Tennessee 37067-6676.

16. Defendant provides staffing services to customers throughout the United States.

## PROPOSED COLLECTIVE AND CLASS DEFINITIONS

17. Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the **United States** relating to electronic record keeping systems, for the maximum limitations period as may be allowed by law.

18. Plaintiffs Vallone and Papadimitropoulos bring Counts II and III of this lawsuit as a class action on behalf of themselves and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the State of **California** relating to electronic record keeping systems, for the maximum limitations period as may be allowed by law.

19. Plaintiffs Mendoza and Papadimitropoulos bring Count IV of this lawsuit as a class action on behalf of themselves and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the State of **Illinois** relating to electronic record keeping systems for the maximum limitations period as may be allowed by law.

20. Plaintiff Papadimitropoulos brings Count V of this lawsuit as a class action

on behalf of himself and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the State of **Indiana** relating to electronic record keeping systems for the maximum limitations period as may be allowed by law.

21. Plaintiffs Mendoza and Papadimitropoulos bring Count VI of this lawsuit as a class action on behalf of themselves and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the State of **New Jerse**y relating to electronic record keeping systems for the maximum limitations period as may be allowed by law.

22. Plaintiff Papadimitropoulos brings Count VII of this lawsuit as a class action on behalf of himself and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the State of **New York** relating to electronic record keeping systems for the maximum limitations period as may be allowed by law.

23. Plaintiff Papadimitropoulos brings Count VIII of this lawsuit as a class action on behalf of himself and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa Rosa in the State of **Pennsylvania** relating to electronic record keeping systems for the maximum limitations period as may be allowed by law.

24. Plaintiff Papadimitropoulos brings Count IX of this lawsuit as a class action on behalf of himself and the following workers:

All similarly situated individuals who were not paid all applicable overtime and/or minimum wages while performing work for Santa

Rosa in the State of **Rhode Island** relating to electronic record keeping systems for the maximum limitations period as may be allowed by law.

25.     The categories of workers described in the foregoing paragraphs will be colloquially referred to as "Classes" in this Complaint.

26.     Plaintiffs Mendoza, Vallone and Papadimitropoulos are members of the FLSA collective they seek to represent.

27.     Plaintiff Vallone is a member of the Classes she seeks to represent because she was employed by Defendant under applicable law, Vallone worked more than eight (8) hours per day and/or forty (40) hours per week and/or seven (7) consecutive days in the State of   California within the applicable limitations' periods. Vallone was not paid for hours worked while engaged in out-of-town travel during normal business hours in those workweeks in which she worked more than forty (40) hours, and/or Vallone was not paid minimum wage for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek.

28.     Plaintiff Mendoza is a member of the Classes he seeks to represent because he was employed by Defendant under applicable law, Mendoza routinely worked more than forty (40) hours per week in the States of Illinois and New Jersey within the applicable limitations' periods, Mendoza was not paid for hours worked while engaged in out-of-town travel during normal business hours in those workweeks in which he worked more than forty (40) hours,

and/or Mendoza was not paid minimum wage for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek.

29. Plaintiff Papadimitropoulos is a member of the Classes he seeks to represent because he was employed by Defendant under applicable law, Papadimitropoulos routinely worked more than forty (40) hours per week in the States of Illinois, Indiana, New York, New Jersey, Pennsylvania and Rhode Island within the applicable limitations periods, Papadimitropoulos was not paid for hours worked while engaged in out-of-town travel in those workweeks in which he worked more than forty (40) hours, and/or Papadimitropoulos was not paid minimum wage for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek.  Papadimitropoulos also worked more than eight (8) hours per day and/or forty (40) hours per week and/or seven (7) consecutive days in the State of California within the applicable limitations' periods.

30. Excluded from the defined Classes are Defendant; Defendant's legal representatives, officers, directors, assigns, and successors; any individual who has, or who at any time during the applicable temporal period has had, a controlling interest in Defendant; and the judges (and immediate family

8

members) to whom this case is assigned.

31.   Plaintiffs reserve the right to refine and amend the definitions of the Classes prior to notice or class certification.

## FACTS

32.   Plaintiffs worked for Defendant during the applicable statute of limitations periods under the FLSA and state laws referred to herein.

33.   Plaintiffs estimate that the putative Classes will include several hundreds of similarly situated workers.

34.   Plaintiffs and other similarly situated workers were compensated by Defendant on an hourly basis.

35.   Plaintiffs and other similarly situated workers were not paid on a salary basis.

36.   Plaintiffs and other similarly situated workers regularly worked over forty (40) hours during the regular workweek. Plaintiffs and other similarly situated workers routinely worked seven (7) days per week, twelve (12) hours per day.

37.   Defendant is an information technology firm that provides training and support to employees of hospitals and other medical facilities as those employees begin to learn how to use new commercial electronic record keeping software.

38.   The process of changing software systems, and acclimating users of an old

software system to a newly installed software system is sometimes referred to as a "go live" event.

39.    Plaintiffs and other similarly situated workers generally have to travel out-of-town to the medical facilities of Defendant's clients when working for Defendant.

40.    The aforementioned out-of-town travel by Plaintiffs and other similarly situated workers was for the benefit of Defendant.

41.    Plaintiffs were not compensated for such out-of-town travel time, even when it took place during normal business hours.

42.    Plaintiffs and other similarly situated workers were not paid for out-of-town travel time, including travel during normal business hours, including hours worked over forty (40) each week.

43.    Additionally, Plaintiffs and other similarly situated workers were not paid for any out-of-town travel time during normal business hours wherein these out-of-town travel hours were the only hours worked during Defendant's workweek, such as the immediate day before or the immediate day after the Defendant's workweek starts.

44.    Defendant had no good faith basis to believe that Plaintiffs and other similarly situated workers were exempt from the overtime requirements and/or minimum wage requirements of the FLSA or applicable state laws.

45.   Defendant had no good faith basis to believe that Plaintiffs and other similarly situated workers should not have been paid for out-of-town travel including travel during normal business hours.

46.   Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiffs and other similarly situated workers overtime and/or minimum wage compensation. Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiffs and other similarly situated workers for time spent on out-of-town travel during normal business hours.

47.   Defendant had actual knowledge that Plaintiffs and other similarly situated workers worked overtime and unpaid hours below minimum wage. Defendant had actual knowledge that Plaintiffs and other similarly situated workers were not paid for out-of-town travel including during normal business hours.

48.   Defendant financially benefitted by failing to fully pay Plaintiffs and other similarly situated workers for all hours worked, including by failing to pay for time spent for applicable out-of-town travel including during normal business hours.

49.   Defendant's conduct as alleged herein was willful and has damaged

Plaintiffs and other similarly situated workers.  Defendant knew, and was aware at all times, of the alleged FLSA and various state law violations.

## COLLECTIVE AND CLASS ALLEGATIONS

50.   Defendant engaged in a common scheme to avoid paying Plaintiffs and other similarly situated workers for out-of-town travel during normal business in workweeks during which they worked in excess of forty (40) hours per week.

51.   Plaintiffs and other similarly situated workers should be allowed to proceed collectively because they were all paid an hourly rate; they worked in excess of forty (40) hours per week in the United States and applicable state jurisdictions; Defendant did not pay Plaintiffs and other similarly situated workers for out-of-town travel during normal business hours.

52.   The members of the Classes are readily ascertainable from Defendant's records.

53.   The members of the respective Classes, separately, are so numerous that joinder of all members is impracticable.

54.   Plaintiffs' claims and the relief they seek are typical of those claims of the similarly situated workers, and the relief they would seek.  On information and belief, the defenses to be asserted by the Defendant against the Plaintiffs will be typical of the defenses to be asserted by the Defendant against the similarly situated workers.

55.    Plaintiffs are able to fairly and adequately protect the interests of the putative Classes.  They have no interests adverse to workers in the defined Classes.

56.    Plaintiffs' attorneys are experienced and competent in both class action litigation in general, and employment and wage and hour litigation specifically.  The law firms listed below have previously represented many plaintiffs, classes and collectives in wage and hour cases.

57.    Collective and class action treatment is superior to individual litigation.  It will permit a large number of similarly situated persons to prosecute their common claims and oppose common defenses in a single forum without the unnecessary duplication of efforts and expense associate with individual lawsuits.

58.    The separate claims asserted by the workers in the Classes are relatively small, low value claims.

59.    Common questions of law and fact exist as to each of the separate Classes.  These issues predominate.

60.    The common questions of fact include but are not limited to:

- Whether Defendant is liable under the FLSA for overtime and/or minimum wages for travel time pay;

- Whether Defendant is liable under the applicable state laws for overtime and/or minimum wages for travel time pay;

13

- Whether Defendant management's conduct relating to the wage and hour issues presented herein properly subjects Defendant to liquidated damages, punitive damages or extended limitations periods under applicable federal or state laws; and

- Whether members of the Rhode Island Class are entitled to injunctive relief or other equitable relief against Defendant.

61. These issues can be resolved by common, class-wide proof.

62. Management of this lawsuit, if allowed to proceed collectively and/or as a class action under Federal Rule of Civil Procedure 23, would be reasonable and efficient.

## COUNT I
## <u>FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES</u>
## <u>AND FOR TRAVEL TIME UNDER THE FLSA</u>

63. Plaintiffs reassert and re-allege the allegations set forth in each of the above paragraphs as though fully set forth herein.

64. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

65. Defendant is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

66. Plaintiffs and other similarly situated workers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), and are

covered employees entitled to the FLSA's protections.

67. The FLSA requires that covered, nonexempt employees receive at least the federal minimum wage of $7.25 per hour for the first 40 hours worked in a workweek. 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1). "[I]f the employee's total wages for the workweek divided by compensable hours equal or exceed the applicable minimum wage, the employee has been paid in compliance with [§ 206]." WHD Opinion Letter FLSA2018-28 (Dec. 21, 2018).

68. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least one- and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

69. Defendant violated the FLSA by allowing Plaintiffs and other similarly situated workers to work overtime hours per workweek without paying them full overtime wages for all hours worked.

70. Plaintiffs and other similarly situated workers routinely worked in excess of forty (40) hours per week, but were not paid overtime wages for all non-travel hours worked.

71. Further, upon information and belief, Defendant maintained a uniform policy or practice of not paying Plaintiffs and other similarly situated workers for time spent in out-of-town travel during normal business hours. In other words, Plaintiffs and similarly situated workers received no compensation

whatsoever for time they spent engaged in out-of-town travel for Santa Rosa during normal business hours.

72. Defendant violated the FLSA by allowing Plaintiffs and other similarly situated workers to travel out-of-town during normal business hours without compensation, including: (1) proper minimum wage compensation for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek; and/or (2) proper overtime compensation for such travel hours that are in excess of forty (40) per week.

73. Additionally, or in the alternative, Defendant violated the FLSA by allowing Plaintiffs and other similarly situated workers to work off-the-clock for certain required on-boarding and training activities.

74. Plaintiffs and similarly situated workers are not exempt from the requirements of the FLSA.

75. The foregoing actions of Defendant violated the FLSA.

76. Defendant's actions were willful and not in good faith.

77. Plaintiffs and other similarly situated workers have been harmed as a direct and proximate result of Defendant's unlawful conduct.

78. Defendant is liable to Plaintiffs and other similarly situated workers for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, disbursements,

expenses and prejudgment interest as may be allowed by law, and such other and further relief as the Court deems appropriate and just.

### COUNT II
### FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES AND FOR TRAVEL TIME UNDER CALIFORNIA LAW

79.   Plaintiffs Vallone and Papadimitropoulos reassert and re-allege the allegations set forth in each of the above paragraphs as though fully set forth herein.

80.   Defendant was at all relevant times doing business in the State of California and an employer under applicable Industrial Welfare Commission Orders.

81.   Plaintiffs Vallone, Papadimitropoulos and all putative California class members were employees of the Defendant under applicable California state law.

82.   During the relevant time period, in the State of California, Defendant periodically required Plaintiffs Vallone, Papadimitropoulos and putative California class members to work in excess of eight (8) hours per day and/or in excess of forty (40) hours per workweek and/or seven (7) consecutive days in a row.

83.   During the relevant time period, both the California Labor Code, including but not limited to §§ 221-223, 1182.12, and 1194, and the pertinent Industrial Welfare Commission Wage Orders, required that employees must be paid at

least the California minimum wage rate "for all hours worked." California Wage Order No. 4, sections 4(A) and 4(B).

84.   During the relevant time period, both the California Labor Code, including but not limited to §§ 510, 1194, and the pertinent Industrial Welfare Commission Wage Orders, required that all work performed by an employee in excess of eight (8) hours per day and forty (40) hours per week be compensated at one and half times the employee's regular rate of pay, and for the first eight (8) hours worked on the seventh consecutive day of work in a workweek.

85.   Under California state law, if an employer requires an employee to attend an out-of-town business meeting, training session or any other event, the employer cannot disclaim an obligation to pay for the employee's time in getting to and from the location of that event. Time spent driving, or as a passenger on an airplane, train, bus, taxi cab or car, or other mode of transportation, in traveling to and from this out-of-town event, and time spent waiting to purchase a ticket, check baggage, or get on board is, under such circumstances, time spent carrying out the employer's directives, and thus, can only be characterized as time in which the employee is subject to the employer's control.

86.   Defendant violated California law by allowing Plaintiffs and other similarly

situated workers to travel out-of-town during normal business hours without any compensation, and/or by allowing Plaintiffs and other similarly situated workers to work off-the-clock for certain required on-boarding and training activities.

87. Defendant failed to pay Plaintiffs Vallone, Papadimitropoulos and putative California class members' minimum and overtime wages for all hours worked.

88. As a result, Defendant failed to pay Plaintiffs Vallone, Papadimitropoulos and putative California class members earned overtime wages, and failed to keep records and provide Plaintiff and putative California class members wage statements as required by California Labor Code §§ 226, 1174 and 1174.5. Plaintiff Vallone, Papadimitropoulos and putative California class members are entitled to recover their unpaid minimum and overtime compensation and penalties arising therefrom.

89. Plaintiff Vallone, Papadimitropoulos and putative California class members are therefore entitled to compensatory and statutory damages, penalties and restitution, including reasonable attorneys' fees under any California law including but not limited California Labor Code §§ 218, 218.5, 1194(a) and 2699(g), costs of this suit, an order enjoining Defendant from pursuing the policies, acts and practices complained of herein, pre- and post-judgment

interest and such other and further relief as the Court deems just and proper.

**COUNT III**
**CALIFORNIA UNFAIR COMPETITION LAW,**
**CAL. BUS. & PROF. CODE §§ 17200 et seq.**

90.    Plaintiffs Vallone and Papadimitropoulos reassert and re-allege the allegations set forth in each of the above paragraphs as though fully set forth herein.

91.    The foregoing conduct, as alleged, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

92.    The policies, acts and practices described in this pleading were and are unlawful business acts and practices because Defendant's failure to pay compensation for minimum and overtime wages for all hours worked, to keep records and to provide accurate and timely wage statements violate applicable Labor Code sections and Industrial Welfare Commission Wage Orders.

93.    Specifically, Defendant engaged in unfair competition by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the Competition Law:

      a.  The Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.;

20

b.  California Labor Code § 1194;

c.  California Labor Code §§ 1174, 1174.5 and 226; and

d.  California Labor Code § 510.

94.  Defendant's course of conduct, acts, and practices in violation of the California laws referenced above constitute a separate and independent violation of the Competition Law.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

95.  The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiffs Vallone, Papadimitropoulos and members of the putative California class in that they were wrongfully denied the payment of earned minimum and overtime wages.

96.  Plaintiff Vallone, Papadimitropoulos and putative California class members are therefore entitled to compensatory and statutory damages, penalties and restitution, including reasonable attorneys' fees under any applicable California law including but not limited to  California Labor Code §§ 218, 218.5, 1194(a) and 2699(g), costs of this suit, an order enjoining Defendant from pursuing the policies, acts and practices complained of herein, pre- and post-judgment interest and such other and further relief as the Court deems just and proper.

## COUNT IV
## FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES AND FOR TRAVEL TIME UNDER ILLINOIS LAW

97.   Plaintiffs Mendoza and Papadimitropoulos reassert and re-allege the allegations set forth in each of the above paragraphs as though fully set forth herein.

98.   The IMWL requires employers to pay at least the Illinois minimum wage rate per hour worked. 820 Ill. Comp. Stat. 105/4(a)(1).

99.   The IMWL requires employers to pay employees overtime wages for any hours worked in excess of forty (40) hours per workweek at a rate not less than one-and-one-half times the regular rate.  820 ILCS 105/4a(1).

100.  Defendant is an employer under the IMWL.

101.  Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers are employees under the IMWL.

102.  Defendant violated the IMWL by allowing Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers to work overtime hours per workweek without paying them full overtime wages for these hours.

103.  Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers routinely worked in excess of forty (40) hours per week in the State of Illinois, but were not paid overtime wages for all non-travel hours worked.

104. Defendant violated the IMWL by allowing Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers to travel out-of-town to and from Illinois during normal business hours without any compensation, and not counting all of their hours and time worked.

105. Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers were not paid for out-of-town travel to and from Illinois during the normal business hours.

106. The foregoing actions of Defendant violated the IMWL. Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers should have been paid: (1) at least the Illinois minimum wage for out-of-town travel hours when such hours were the only hours worked during Defendant's workweek, such as the immediate day before or the immediate day after the Defendant's workweek starts; and (2) overtime wages at a rate of not less than one-and-one-half times the regular rate for all out-of-town travel hours in excess of forty (40) hours per workweek.

107. In the alternative, Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers had an implied agreement with Defendant that Defendant would pay them an hourly rate for all hours worked.

108. Defendant acted willfully in violating the IMWL.

109. Plaintiffs Mendoza, Papadimitropoulos and other similarly situated workers

are entitled to recover unpaid wages, plus punitive damages, including damages as allowed by statute 820 ILCS 105/12(a), reasonable attorneys' fees, costs and disbursements, and such other and further relief as the Court deems appropriate and just.

**COUNT V**
**FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES AND FOR TRAVEL TIME UNDER INDIANA LAW**

110.   Plaintiffs Mendoza and Papadimitropoulos reassert and re-allege the allegations set forth in each of the above paragraphs as though fully set forth herein.

111.   At all relevant times, Defendant was an "employer" under applicable Indiana wage and hour law.  Ind. Code Ann. § 22-2-2-3.

112.   At all relevant times, Plaintiffs Mendoza, Papadimitropoulos and members of the proposed Indiana class were "employees" under applicable Indiana wage and hour law.  Ind. Code Ann. § 22-2-2-3.

113.   Defendant failed to pay the regular work hour wages or compensation due to Plaintiffs Mendoza, Papadimitropoulos and members of the Indiana Wage Payment Class on the next usual and regular day for payment of wages, or the regular pay day for the pay period during their employment, in violation of the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1.

114.   Under Indiana law, employers are required to pay their employees at least the

Indiana minimum wage rate per hour worked. Ind. Code Ann. § 22-2-2-4.

115.    Under Indiana law, no employer may employ an employee for a workweek longer than forty (40) hours unless the employee receives compensation for that excess time at a rate not less than one- and one-half times the regular rate at which he or she is employed.  Ind. Code Ann. § 22-2-2-4(k).

116.    Defendant failed to pay Plaintiffs Mendoza, Papadimitropoulos and members of the proposed Indiana class minimum wage for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek, and/or overtime wages for all such hours worked over forty (40) hours per week at time-and-a-half times their regular rate of pay.

117.    Under Indiana law, travel away from home is clearly work time when it cuts across the employee's workday.  The time is not only hours worked on regular working days during normal working hours but also during corresponding hours on nonworking days.

118.    Defendant has not acted in good faith in failing to fully and timely compensate Plaintiffs Mendoza, Papadimitropoulos and members of the Indiana class for all of the hours they worked as required by Indiana wage and hour law, including the Minimum Wage Law, Ind. Code § 22-2-2-4, and Wage Payment Statute, Ind. Code § 22-2-5-1, and had no reason to believe that its failure to do so was not a violation of the Statutes. Accordingly, Plaintiffs Mendoza,

Papadimitropoulos and the Indiana class members are entitled to an award of liquidated damages for Defendant's failure to pay wages in the amount equal to two (2) times the amount of wages due pursuant to Ind. Code § 22-2-5-2.

119. Plaintiffs Mendoza, Papadimitropoulos and other similarly situated Indiana workers are entitled to recover unpaid wages, liquidated damages, any penalties under Ind. Code Ann. § 22-2-4-4, prejudgment interest as may be allowed by law, and reasonable attorneys' fees as allowed by law, including costs and disbursements, and such other and further relief as the Court deems appropriate and just.

## COUNT VI
## FAILURE TO PAY OVERTIME WAGES AND
## FOR TRAVEL TIME UNDER NEW YORK LAW

120. Plaintiff Papadimitropoulos reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

121. At all relevant times, Defendant was an "employer" under New York wage and hour law.

122. At all relevant times, Plaintiff Papadimitropoulos and members of the proposed New York class were Santa Rosa employees under applicable New York law.

123. New York law provides that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than" the wage established

by statute for that year. N.Y. Labor Law § 652(1).

124.   New York law requires employers to pay employees for overtime wages for any hours worked in excess of forty (40) hours per workweek at a rate not less than one-and-one-half times the regular hourly wage.  12 N.Y. Comp. Codes R. & Regs. Pt. 142.2.2.

125.   New York wage and hour law requires hours spent in on overnight trips to be compensable during normal business hours.

126.   Plaintiff Papadimitropoulos and members of the proposed New York class routinely worked in excess of forty (40) hours per week in the State of New York, but were not paid overtime wages for all non-travel hours. Defendant also violated New York law by allowing Plaintiff Papadimitropoulos and members of the proposed New York class to travel out-of-town to and from New York during normal business hours without any compensation, and by not counting their hours and time worked.

127.   Defendant also failed to pay minimum wages to Plaintiff Papadimitropoulos and members of the proposed New York class for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek.

128.   Defendant's failure to pay for all hours worked was not in good faith, and Plaintiffs Papadimitropoulos and members of the proposed New York class

are entitled to liquidated damages. N.Y. Lab. Law §§ 198(1)(a), (2) & (3).

129. Because Defendant did not count or record all of the hours worked, it failed to keep records in accordance with New York Labor Law Art. VI, § 195(3), thereby allowing for penalties under Labor law §198(1-d).

130. Plaintiff Papadimitropoulos and members of the proposed New York class and other similarly situated workers are entitled to recover unpaid wages, liquidated damages, penalties, prejudgment interest as allowed by law, reasonable attorneys' fees, costs and disbursements, and such other and further relief as the Court deems appropriate and just.

**COUNT VII**
**FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES AND**
**FOR TRAVEL TIME UNDER NEW JERSEY LAW**

131. Plaintiffs Mendoza and Papadimitropoulos reassert and re-allege the allegations set forth in each of the above paragraphs as though fully set forth herein.

132. The NJWHL requires employers to pay employees at least the New Jersey minimum wage rate per hour worked. N.J.S.A. 34:11-56a4.

133. The NJWHL requires employers to pay employees for overtime wages for any hours worked in excess of forty (40) hours per workweek at a rate not less than one-and-one-half times the regular hourly wage. N.J.S.A. 34:11-56a4.

134. Defendant is an "employer" under the NJWHL, N.J.S.A. 34:11-56(a)(1)(g).

135.   Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class were employed by Defendant under the NJWHL, N.J.S.A. 34:11-56(a)(1)(h).

136.   Defendant violated the NWJHL and its enabling regulations through common company policies by allowing Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class to work overtime hours per workweek without paying them overtime wages for these hours.

137.   Defendant's violation of the NWJHL was willful and/or with reckless disregard for the rights of Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class.

138.   Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class routinely worked in excess of forty (40) hours per week in the State of New Jersey, but were not paid overtime wages for all of their non-travel hours.

139.   Defendant also violated the NWJHL by allowing Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class to travel out-of-town to and from New Jersey during normal business hours without any compensation, and/or by not counting their hours and time worked.

140.   Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class were not paid for out-of-town travel to and from New Jersey

during the normal business hours, including minimum wages for out-of-town travel during normal business hours wherein these hours were the only hours worked in the given workweek, and overtime wages for all such out-of-town travel hours in excess of forty (40) hours per week.

141. The foregoing actions of Defendant violated the NWJHL.

142. Plaintiffs Mendoza, Papadimitropoulos and members of the proposed New Jersey class are entitled to recover unpaid wages, prejudgment interest as allowed by law, reasonable attorneys' fees, costs and disbursements, and such other and further relief as the Court deems appropriate and just.

**COUNT VIII**
**FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES AND FOR TRAVEL TIME UNDER PENNSYLVANIA LAW**

143. Plaintiff Papadimitropoulos reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

144. At all relevant times, Defendant was an "employer" under applicable Pennsylvania wage and hour law.  43 P.S. § 333.103(g); 43 P.S. § 260.2a.

145. At all relevant times, Plaintiff Papadimitropoulos and members of the proposed the proposed Pennsylvania class were "employees" under applicable Pennsylvania wage and hour law, as a matter of economic reality and under the multi-factor test used in the context of misclassification claims under the Pennsylvania Worker's Compensation Act and the Unemployment

Compensation Act.

146. Under Pennsylvania law, employees must be paid at the least the Pennsylvania minimum wage "for all hours worked." 43 P.S. § 333.104(a).

147. Under Pennsylvania law, employees must be paid overtime not less than one- and one-half times the employee's regular rate of pay for all hours in excess of forty (40) hours in a workweek.  43 P.S. § 333.104(c); 34 Pa. Code § 231.41.

148. Defendant failed to pay Plaintiff Papadimitropoulos and members of the proposed Pennsylvania class for all such hours worked by failing to pay for out-of-town travel to and from Pennsylvania during normal working hours, including minimum wages for out-of-town travel during normal working hours wherein these hours were the only hours worked in the given workweek, and overtime wages for all such out-of-town travel hours in excess of forty (40) hours per week.

149. Under Pennsylvania law, hours worked includes time spent traveling as part of the duties of the employees during normal working hours.  PA Admin. Code § 231.1(b).

150. Defendant has not acted in good faith in failing to fully and timely compensate Plaintiff Papadimitropoulos and members of the Pennsylvania class for all of the hours they work as required by the Pennsylvania wage and hour law, and

these wages have remained unpaid for more than 30 days beyond the regularly scheduled workday. Accordingly, Plaintiff Papadimitropoulos and the Pennsylvania class members are entitled to an award of liquidated damages for Defendant's failure to pay wages. 43 Pa. Stat. Ann. § 260.10.

151. Plaintiff Papadimitropoulos and other similarly situated Pennsylvania workers are entitled to recover unpaid wages, liquidated damages, prejudgment interest as may be allowed by law, and reasonable attorneys' fees as allowed by law, including costs and disbursements, and such other and further relief as the Court deems appropriate and just.

## COUNT IX
## FAILURE TO PAY MINIMUM AND/OR OVERTIME WAGES AND FOR TRAVEL TIME UNDER RHODE ISLAND LAW

152. Plaintiff Papadimitropoulos reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

153. At all relevant times, Defendant was an "employer" under applicable Rhode Island wage and hour law. R.I. Gen. Laws § 28-12-2(7).

154. At all relevant times, Plaintiff Papadimitropoulos and members of the proposed the proposed Rhode Island class were "employees" under applicable Rhode Island wage and hour law, R.I. Gen. Laws §§ 28-12-2(6), 28-14-19.1.

155. Under Rhode Island law, an employer must pay employees at least the Rhode Island minimum wage per hour worked. R.I. Gen. Laws §§ 28-12-3.

156. Under Rhode Island law, employees must be paid overtime not less than one-and-one-half times the employee's regular rate of pay for all hours in excess of forty (40) hours in a workweek.  R.I. Gen. Laws § 28-12-4.1(a).

157. Defendant failed to pay Plaintiff Papadimitropoulos and members of the proposed Rhode Island class for all such hours worked by failing to pay for out-of-town travel to and from Rhode Island during normal working hours, including minimum wages for out-of-town travel during normal working hours wherein these hours were the only hours worked in the given workweek, and overtime wages for all such out-of-town travel hours in excess of forty (40) hours per week.

158. Under Rhode Island law, out-of-town travel time is compensable if done for the benefit of the employer.

159. Defendant has not acted in good faith in failing to fully and timely compensate Plaintiff Papadimitropoulos and members of the Rhode Island class for all of the hours they work as required by the Rhode Island wage and hour law. Accordingly, Plaintiff Papadimitropoulos and the Rhode Island class members are entitled to an award of liquidated damages for Defendant's failure to pay wages. R.I. Gen. Laws § 28-14-19.2(a).

160. Plaintiff Papadimitropoulos and other similarly situated Rhode Island workers are entitled to recover unpaid wages, liquidated damages, appropriate

equitable and injunctive relief, prejudgment interest as may be allowed by law, and reasonable attorneys' fees as allowed by law, including costs and disbursements, and such other and further relief as the Court deems appropriate and just. R.I. Gen. Laws § 28-14-19.2(a).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs seek the following relief on behalf of themselves and the respective Classes:

a.　　An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b.　　Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

c.　　An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed state Classes;

d.　　Damages for unpaid overtime compensation including travel time and prejudgment interest to the fullest extent permitted under the law;

e.　　Liquidated damages, penalties and punitive damages to the fullest extent permitted under the applicable laws;

f.　　Litigation costs, disbursements, expenses, and attorneys' fees to the fullest extent permitted under the law;

g.　　Appropriate equitable and injunctive relief pursuant to R.I. Gen. Laws

§ 28-14-19.2(a), including but not limited to the entry of an order enjoining Defendant from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

h.      Such other and further relief as this Court deems just and proper.

Dated: June 14, 2019.                  Respectfully submitted,

s/Jennifer L. McManus
Jennifer L. McManus (MI P34275)
FAGAN McMANUS, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
Tel : (248) 542-6300
Fax : (248) 542-6301
jmcmanus@faganlawpc.com

Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
rbryant@jsyc.com
rturner@jsyc.com
nbishop@jsyc.com

Shawn M. Raiter (MN #240424)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN  55101
Tel: (651) 312-6500

35

Fax: (651) 312-6618
*jsnodgrass@larsonking.com*

Attorneys for Plaintiffs and Opt-ins

## <u>PLAINTIFFS' DEMAND FOR JURY TRIAL</u>

NOW COME the above-named Plaintiffs, by and through their attorneys, FAGAN
MCMANUS, P.C., JACKSON, SHIELDS, YEISER & HOLT, and LARSON KING,
LLP and hereby demands trial by jury on the above matter.

Dated: June 14, 2019.                    Respectfully submitted,

*s/Jennifer L. McManus*
Jennifer L. McManus (MI P34275)
FAGAN McMANUS, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
Tel : (248) 542-6300
Fax : (248) 542-6301
*jmcmanus@faganlawpc.com*

Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

Shawn M. Raiter (MN #240424)
LARSON • KING, LLP
30 East Seventh St., Suite 2800
St. Paul, MN  55101
Tel: (651) 312-6500
Fax: (651) 312-6618
*jsnodgrass@larsonking.com*

Attorneys for Plaintiffs and Opt-ins