UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSTANTINO PAPADIMITROPOULOS,
MARVIN MENDOZA, and JOYCE
VALLONE, individually and on behalf of all
others similarly situated,

        Plaintiffs,

                                      Case No. 2:19-cv-11779

v.

                                       Hon. Arthur J. Tarnow

SANTA ROSA CONSULTING, INC.,

        Defendant.

---

**DEFENDANT SANTA ROSA CONSULTING, INC.'S
MOTION TO DISMISS OR STAY, OR IN THE ALTERNATIVE,
TO TRANSFER VENUE OF THIS ACTION**

---

Defendant Santa Rosa Consulting, Inc. ("Santa Rosa") hereby moves the Court to dismiss or stay this civil action pursuant to Fed. R. Civ. P. 12(b)(3), Fed. R. Civ. P. 12(b)(6) and the "First-to-File Rule", respectively, or alternatively to transfer this civil action to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to the "First-to-File Rule" or, alternatively, 28 U.S.C. § 1404(a).

As set out more fully in the contemporaneously filed Brief in Support and as supported by the Exhibits attached hereto, dismissal and/or transfer of this action is appropriate and necessary for the reasons stated therein.

Plaintiffs do not concur or consent to this motion.  As set forth in detail in the Declaration of Andrew S. Naylor, sworn to August 22, 2019, and filed contemporaneously herewith as Ex. 1 to Santa Rosa's Brief in Support, prior to the filing of this motion, counsel for Defendant Santa Rosa made substantial good-faith efforts to resolve this dispute, seek concurrence and avoid the filing of this motion. Nevertheless, counsel for Plaintiffs refused to concur or consent to the relief requested herein.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

s/*Bruce L. Sendek*
150 West Jefferson, Suite 100
Detroit, MI  48226-4452
(313) 225-7000
sendek@butzel.com
P28095

***Attorneys for Plaintiff,***
***Santa Rosa Consulting, Inc.***

Dated:  August 22, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSTANTINO PAPADIMITROPOULOS,
MARVIN MENDOZA, and JOYCE
VALLONE, individually and on behalf of all
others similarly situated,

          Plaintiffs,

v.

SANTA ROSA CONSULTING, INC.,

          Defendant.

Case No. 2:19-cv-11779

Hon. Arthur J. Tarnow

---

**DEFENDANT SANTA ROSA CONSULTING, INC.'S
BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS OR STAY, OR IN THE ALTERNATIVE,
TO TRANSFER VENUE OF THIS ACTION**

---

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED.................................................................. ii

INDEX OF AUTHORITIES ................................................................................. iii

BACKGROUND.................................................................................................... 2

      A.    Factual Background............................................................................. 2

      B.    Procedural Background ....................................................................... 4

ARGUMENT ........................................................................................................ 7

I.     Standard of Review........................................................................................ 7

II.    The First-to-File Rule Favors a Dismissal of the Action, or In the Alternative, Transfer to the Middle District of Tennessee ........................... 9

      A.    Chronology of Events....................................................................... 10

      B.    Similarity of Parties Involved........................................................... 10

      C.    Similarity of the Issues or Claims at Stake ...................................... 11

III.   28 U.S.C. § 1404(a) Also Favors a Transfer to the Middle District of Tennessee.................................................................................................. 13

IV.   The Venue Provisions Contained in the Underlying Agreements Are Not Applicable to Plaintiffs' FLSA and State Wage and Hour Claims ........................................................................................................ 18

V.    The Choice of Venue Provision Has No Bearing on the Decision to Transfer Because It Has Been Affirmatively Waived by Both Parties......................................................................................................... 22

CONCLUSION .................................................................................................... 23

## STATEMENT OF ISSUES PRESENTED

1.      Should this action should be dismissed or stayed pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6) and the "First-to-File Rule", respectively?

**Defendant's answer:  Yes**

2.      Should this action be transferred to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to the "First-to-File Rule" or, alternatively, 28 U.S.C. § 1404(a)?

**Defendant's answer:  Yes**

# INDEX OF AUTHORITIES

**Page**

*Cases*

*Accord Ambraco, Inc. v. Bossclip B.V.*,
    570 F.3d 233 (5th Cir. 2009) ............................................................. 8

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*,
    571 U.S. 49 (2013) ............................................................................ 8

*Audi AG & Volkswagen of Am., Inc. v. Izumi*,
    204 F. Supp. 2d 1014 (E.D. Mich. 2002) ........................................... 8

*Baatz v. Columbia Gas Transmission, LLC*,
    814 F.3d 785 (6th Cir. 2016) ............................................................. 9

*Blake v. Family Dollar Stores, Inc.*,
    2007 U.S. Dist. LEXIS 47051 (S.D. Ohio June 19, 2007) ........................ 15, 17

*Cook v. E.I. du Pont de Nemours & Co.*,
    2017 U.S. Dist. LEXIS 122436 (M.D. Tenn. Aug. 3, 2017) ........................... 10

*Crouch v. Guardian Angel Nursing, Inc.*,
    3:07–cv–00541, 2009 WL 3738095 (M.D. Tenn. Nov. 4, 2009) .................... 21

*Dowling v. Richardson-Merrell, Inc.*,
    727 F.2d 608 (6th Cir. 1984) ........................................................... 15

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) ....................................................................... 17

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
    370 F. Supp. 2d 686 (E.D. Tenn. 2005) ......................................... 9, 12

*Garcia v. S. Grover, CPA, PLLC*,
    2018 WL 5818106 (S.D.N.Y. Oct. 19, 2018) ................................... 21

*Guyton v. Legacy Pressure Control, Inc.*,
    2016 U.S. Dist. LEXIS 137896, 2016 WL 5794801 (W.D. Tex. Oct.
    4, 2016) ....................................................................................... 10

*Hanlon v. Takeda Pharm. N. Am., Inc.*,
    2011 U.S. Dist. LEXIS 42122 (N.D. Ohio Apr. 14, 2011) .................... 15, 17

*Hefferan v. Ethicon Endo-Surgery Inc.*,
    828 F.3d 488 (6th Cir. 2016) ........................................................... 14

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) .............................................................. 14

*Kerobo v. Sw. Clean Fuels Corp.*,
    285 F.3d 531 (6th Cir. 2002) ............................................................. 7

*Means v. U.S. Conference of Catholic Bishops,*
    836 F.3d 643 (6th Cir. 2016) ........................................................ 14

*MoneyForLawsuits V Ltd. P'ship v. Rowe*,
    2012 U.S. Dist. LEXIS 43558 (E.D. Mich. Jan. 23, 2012) ............................ 23

*Moore v. Rohm & Haas Co.,*
    446 F.3d 643 n.1 (6th Cir. 2006) .................................................. 13

*Moses v. Business Card Express, Inc.*,
    929 F.2d 1131 (6th Cir. 1991) ..................................................... 13

*Nava v. Belfor USA Grp., Inc.*,
    2008 U.S. Dist. LEXIS 45041 (E.D. Mich. June 10, 2008) ...................... 11, 12

*ND Acquisitions Corp. v. Bel Pre Leasing Co., LLC,*
    2015 U.S. Dist. LEXIS 120653 (M.D. Tenn. Sept. 10, 2015).......................... 14

*Pacheco v. St. Luke's Emergency Assocs., P.C.,*
    879 F. Supp. 2d 136 (D. Mass. 2012) .............................................. 21

*Perry v. Nat'l City Mortg., Inc.,*
    No. 05-CV-891-DRH, 2006 WL 2375015 (S.D. III. Aug. 15, 2006) ............. 22

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) .......................................................... 13, 14

*Reese v. CNH Am., LLC,*
    574 F.3d 315 (6th Cir. 2009) ..................................................... 14

*Saunders v. Ace Mortg. Funding, Inc.,*
    No. 05-1437, 2005 WL 3054594 (D. Minn. Nov. 14, 2005)............................ 22

*Smithers-Oasis Co. v. Clifford Sales & Mktg.,*
    194 F. Supp. 2d 685 (N.D. Ohio 2002)............................................... 9

*Staggert v. Team Oil Tools LP,*
    2017 U.S. Dist. LEXIS 75873 (S.D. Ohio May 18, 2017) ............................. 16

*Steavens v. Elec. Data Sys. Corp.*,
    2008 U.S. Dist. LEXIS 107555 (E.D. Mich. Nov. 25, 2008)........... 9, 10, 11, 12

*Stewart Org. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ............................................................... 14

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) .............................................................. 13

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.,*
    16 Fed. Appx. 433 (6th Cir. 2001)................................................... 9

**Statutes**

28 U.S.C. § 1391 ................................................................. 7, 8

In a clear and transparent attempt at forum shopping, on June 14, 2019, Named Plaintiffs Constantino Papadimitropoulos ("Papadimitropoulos"), Marvin Mendoza ("Mendoza") and Joyce Vallone ("Vallone") (collectively, the "Named Plaintiffs") filed this lawsuit against Defendant Santa Rosa Consulting, Inc. ("Santa Rosa") with this Court (the "Michigan Action").  The Michigan Action asserts claims for violations of the Fair Labor Standards Act ("FLSA") and various state wage and hour laws based on allegations that Santa Rosa failed to pay applicable overtime or minimum wages and failed to properly compensate workers for out-of-town travel.

However, a full three months earlier, on March 1, 2019, Named Plaintiff Mendoza, filed a lawsuit with nearly identical FLSA and state wage and hour claims against Santa Rosa in the United States District Court for the Middle District of Tennessee (the "Tennessee Action").  Shortly after filing the Tennessee Action, the two other Named Plaintiffs in this case – Papadimitropoulos and Vallone – joined the Tennessee Action as opt-in plaintiffs.

Not only was the Tennessee Action filed well before the Michigan Action, and involves the same parties and nearly identical claims, but the Middle District of Tennessee is also where Santa Rosa is headquartered and where the majority of evidence and key witnesses for both lawsuits are located.

In contrast, none of the Named Plaintiffs, evidence, or key witnesses are located in the Eastern District of Michigan, and none of the Named Plaintiffs

performed work for Santa Rosa in Michigan nor have they brought any claims under

Michigan law.   Therefore, the promotion of comity among federal courts, the

efficient use of judicial resources, the convenience of the parties and witnesses, and

the interest justice all support a finding that this action must be dismissed or stayed,

pursuant to the "First-to-File" Rule and Fed. R. Civ. P. 12(b)(3), respectively.  In the

alternative, this Court should transfer this action to the Middle District of Tennessee

pursuant to the "First-to-File" Rule and 28 U.S.C. § 1404(a), respectively.

## BACKGROUND

### A.    Factual Background

Santa Rosa is a leading national provider of management and information

technology consulting and related professional services to the healthcare industry.

Ex. 2, Declaration of Heather Logan, sworn to August 21, 2019 ("Logan Decl."),

¶ 4.  Santa Rosa was founded in 2008 and originally located in Oakland County,

Michigan.  *Id.*, ¶ 5.   In or about May 2011, Santa Rosa opened an office at

501 Corporate Center Drive, Suite 390, Franklin, Tennessee 37067.  *Id.*

Subsequently, to accommodate increased business activities, on March 1,

2013, Santa Rosa relocated to a larger office, and moved to its current location at

2555 Meridian Blvd., Suite 250, Franklin, Tennessee 37067, which is Santa Rosa's

principal place of business.  *Id.*, ¶¶ 8, 9.  Santa's Rosa's office is located in

Williamson County, Tennessee, which is within the Middle District of Tennessee. Santa Rosa has maintained this office continuously since March 1, 2013. *Id.*, ¶ 8.

Santa Rosa's accounting, finance, personnel and employment, and IT functions are conducted primarily out of the Company's office in Franklin, Tennessee. *Id.*, ¶ 10. Accordingly, any relevant information and documents that Santa Rosa may have relating to Plaintiffs' claims in this action including all of its personnel, employment and payroll records would be maintained at Santa Rosa's office in Tennessee. *Id.*, ¶ 11.

None of three Named Plaintiffs or the two Opt-In Plaintiffs live in Michigan. *Id.*, ¶ 18. Papadimitropoulos resides in Florida. *Id.*, ¶ 19. Mendoza resides in California. *Id.* Vallone resides in New York. *Id.* Dar lives in New York. *Id.* Dawson lives in Ohio. *Id.* None of the five Named/Opt-In Plaintiffs have ever performed any work in Michigan for or on behalf of Santa Rosa or any of its clients. *Id.*, ¶ 20. In fact, even a cursory reading of their own Complaint demonstrates that none of the Named Plaintiffs have any connection to Michigan whatsoever. Compl. ¶ 1, ECF No. 1.

Santa Rosa hired or contracted with individuals like the Named Plaintiffs in states across the country to provide training to new users on how to use certain healthcare recordkeeping software. *See Ex. 2,* Logan Decl., ¶ 21. This work required those individuals to travel to various facilities where these new users were

located, sometimes out-of-state from the individuals' residences. *Id.* The majority of these individuals, including Named Plaintiffs Papadimitropoulos and Vallone, were hired as temporary W-2 employees pursuant to employment agreements. *Id.*, ¶ 21 and Exs. B and C. Various other individuals, such as Named Plaintiff Mendoza, provided professional services through thirty-party vendors pursuant to subcontractor agreements. *Id.*, ¶ 22

In Mendoza's case, Santa Rosa contracted directly with Marvin Mendoza Consulting, LLC, and that entity employed Mendoza and provided professional services to Santa Rosa and its clients. *Id.*, ¶ 23 and Ex. A.

Both the form employment agreements and subcontractor agreements used by Santa Rosa include an acknowledgment that venue is proper in Oakland County, Michigan Circuit Court or the United States Court for the Eastern District of Michigan for legal disputes regarding the agreement. *Id.,* ¶¶ 21 - 23 and Exs. A, B and C.

B.    **Procedural Background**

On March 1, 2019, Named Plaintiff Mendoza filed the Tennessee Action, a purported collective and class action lawsuit in the United States District Court for the Middle District of Tennessee styled *Marvin Mendoza, Individually and on behalf of all others similarly situated v. Santa Rosa Consulting, Inc.*, Case No. 3:19-cv-

00195.  *See* Ex. 1, Declaration of Andy Naylor, Esq., sworn to August 22, 2019 ("Naylor Decl."), ¶ 2 and Ex. A (Tennessee Action Complaint).

In the Tennessee Action, Mendoza asserts that Santa Rosa violated the FLSA and Illinois and New Jersey state wage and hour laws by failing to pay workers overtime for non-travel time worked and by failing to properly compensate them for out-of-town travel during business hours.  *Id.*  The Complaint in the Tennessee Action also asserts that venue is appropriate in the Middle District of Tennessee because "the events giving rise to Plaintiff's claims occurred within [that] District." *Id.,* Ex. A, ¶ 5.

The other two Named Plaintiffs in this action, Vallone and Papadimitropoulos, consented to join the Tennessee Action on April 4 and April 12, 2019, respectively.  *Id.,* ¶ 3 and Ex. B (Consents to Tennessee Action).  Likewise, the two Opt-in Plaintiffs in this action, David Dar ("Dar") and Elisa Dawson ("Dawson"), are also Opt-in Plaintiffs to the Tennessee Action.  *Id.*

Three months later, on June 14, 2019, the Named Plaintiffs filed the present Michigan Action, asserting nearly identical claims to those in the Tennessee Action. Compl. ¶ 1, ECF No. 1.  Like the Tennessee Action, the Michigan Action brings claims under the FLSA and various state wage and hour laws—including Illinois and New Jersey—based on allegations that Santa Rosa failed to pay applicable overtime or minimum wages and failed to properly compensate workers for out-of-

town travel.  *Id.*  However, the Michigan Action "contends venue is proper in the Eastern District of Michigan pursuant to the underlying agreement between the parties".  Compl. ¶ 5, ECF No. 1.  Such a belief is without basis.

In several phone calls and emails between counsel for the Named Plaintiffs counsel for Santa Rosa, counsel for Santa Rosa affirmatively represented to that Santa Rosa waived the Michigan choice of venue provision in the underlying agreements for this action and requested the Named Plaintiffs agree to the transfer and consolidation of the Michigan Action with the Tennessee Action.  *See* Ex.1, Naylor Decl., ¶ 7.

Likewise, on July 10, 2019, in a hearing before The Honorable Chip Frensley, the Magistrate Judge in the Tennessee Action, counsel for Santa Rosa again repeated this waiver to counsel for the Named Plaintiffs and the Court in open court.  *Id.*, ¶ 8. Finally, on July 16, 2019, Santa Rosa's counsel confirmed this representation, by letter to counsel for the Named Plaintiffs, which stated, in relevant part and in no uncertain terms that: "Santa Rosa unequivocally waives the Michigan choice of venue provision in the employment agreements, or any other agreement, at issue in this case."  *Id.*, ¶ 9 and Ex. E.

But despite these repeated, explicit waivers of the choice of venue provision and requests to transfer and consolidate the Michigan Action and the Tennessee Action, for unexplained reasons that still have not been articulated to Santa Rosa,

the Named Plaintiffs have refused to agree to a transfer and consolidation with the Tennessee Action. *Id.*, ¶ 12. Accordingly, Santa Rosa has filed the present motion, requesting that the Court dismiss this action, or in the alternative, order the transfer of this case to the Middle District of Tennessee.

## **ARGUMENT**

For the reasons set forth below, dismissal or stay of the present Michigan Action is proper under the First-to-File Rule. In the alternative transfer of this action to the Middle District of Tennessee under the First-to-File Rule and/or 28 U.S.C. § 1404(a) is appropriate.

### I.   **Standard of Review**

A party may move to dismiss an action when a case has been filed in an improper venue. Fed. R. Civ. P. 12(b)(3). Although Rule 12(b)(3) permits a party to move to dismiss where venue is improper, "the rules of Civil Procedure do not contain any venue provisions or requirements." *Kerobo v. Sw. Clean Fuels Corp.,* 285 F.3d 531, 538 (6th Cir. 2002). Rather, the requirements for venue are set forth by statute. *Id.* Plaintiffs' claims here are brought under the FLSA, which does not contain its own venue provision. Venue is therefore governed by 28 U.S.C. § 1391, which pertains to actions filed originally in federal court. Venue for a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a defendant challenges venue, the court must determine whether the case falls within one of these three categories. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).  In determining whether venue is proper, "the Court may examine facts outside the complaint". *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).  *Accord Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (court "is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments").

Santa Rosa asserts that venue in this federal district is improper and seeks dismissal of this lawsuit pursuant to Fed. R. Civ. P. 12(b)(3) and/or the "First-to-File" rule, respectively.  When a defendant raises a Rule 12(b)(3) defense, the plaintiff has the burden to show that venue is proper in the federal district where the case is pending.  *See Izumi*, 204 F. Supp. 2d at 1017 (E.D. Mich. 2002).

**II.    The First-to-File Rule Favors a Dismissal of the Action, or In the Alternative, Transfer to the Middle District of Tennessee**

"'The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc*., 16 Fed. Appx. 433, 437 (6th Cir. 2001).  "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Id*. (internal quotations omitted).  The rule "also conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).

"In determining the applicability of the rule, a court should consider '(1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake.'"  *Steavens v. Elec. Data Sys. Corp.*, 2008 U.S. Dist. LEXIS 107555, at *3 (E.D. Mich. Nov. 25, 2008) (quoting *Smithers-Oasis Co. v. Clifford Sales & Mktg*., 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002)).  "The parties and issues need not be identical; the proper inquiry is whether they 'substantially overlap.'"  *Id.* at 3–4 (quoting *Fuller v. Abercrombie &* Fitch Stores, Inc., 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005)).

"[N]umerous courts have recognized that, '[i]n the FLSA collective action context, the First-to-File rule is often applied and is particularly appropriate.'" *Cook*

*v. E.I. du Pont de Nemours & Co.*, 2017 U.S. Dist. LEXIS 122436, at \*7 (M.D. Tenn. Aug. 3, 2017) (quoting *Guyton v. Legacy Pressure Control, Inc.*, 2016 U.S. Dist. LEXIS 137896, 2016 WL 5794801, at \*2 (W.D. Tex. Oct. 4, 2016)); *see, e.g.*, *Steavens*, 2008 U.S. Dist. LEXIS 107555 (applying the First-to-File Rule to transfer an FLSA collective action).

The facts of this case easily satisfy all three factors favoring dismissal and/or transfer to the Middle District of Tennessee.  In fact, this case presents precisely the type of situation that mandates the application of the First-to-File Rule and requires dismissal of the action, especially given the Named Plaintiffs' blatant attempt at forum shopping.

## A.    Chronology of Events

The Tennessee Action was filed first, having been filed on March 1, 2019 while the present Michigan Action was filed on June 14, 2019.  *See* Compl., ECF No. 1; Ex.1, Naylor Decl., ¶ 2 and Ex. A (Tennessee Action Compl.).

## B.    Similarity of Parties Involved

The five Named/Opt-In Plaintiffs in this case — Papadimitropoulos, Mendoza, Vallone, Dar and Dawson – and the counsel representing them - are the very same individuals suing Santa Rosa in the Tennessee Action.  Likewise, the class definitions in each case encompass the same employees of Santa Rosa who the Named Plaintiffs allege did not receive sufficient overtime travel compensation.

-10-

*Compare* Compl., ¶¶ 17–31, ECF No. 1 *with* Tennessee Action Compl., ¶¶ 12–18 (Ex.1, Naylor Decl., Ex. A); *see also Nava v. Belfor USA Grp., Inc.*, 2008 U.S. Dist. LEXIS 45041, at *6–7 (E.D. Mich. June 10, 2008) (finding the plaintiffs "effectively identical" where the complaints allege "the same type of practices by defendant Belfor on behalf of the same group of individuals" and the named plaintiff had joined the prior case); *Steavens*, 2008 U.S. Dist. LEXIS 107555, at *4–5 (finding the parties in two FLSA collective actions were "substantially similar" where one class included "all of Defendant's employees claiming overtime wages" and the other class was "a sub-category of technical employees claiming the same wages").

### C.   Similarity of the Issues or Claims at Stake

There is also substantial overlap between the issues and claims asserted in each lawsuit.  In fact, the Michigan Action includes the same FLSA claims and underlying factual allegations asserted in the Tennessee Action and merely adds additional claims based on the corresponding state laws applicable to the additional Named Plaintiffs.  Other than adding the two additional Named Plaintiffs and their respective state laws, the Complaints are virtually identical with substantively the same class definitions, claims, and requested relief.  *Compare* Compl., ¶¶ 1, 6–24, 28, Prayer for Relief, ECF No. 1 *with* Tennessee Action Compl., ¶¶ 1, 6–14, 16, Prayer for Relief (Ex.1, Naylor Decl., Ex. A).

Indeed, whole sections of the Complaint in the Michigan Action—including the common questions of fact—appear to be lifted nearly *verbatim* from the Complaint in the Tennessee Action. *Compare* Compl., ¶¶ 6–7, 32–38, 44–62, ECF No. 1 *with* Tennessee Action Compl., ¶¶ 6–7, 19–25, 45–63 (Ex.1, Naylor Decl., Ex. A). This near uniformity in the claims between the two actions is more than enough to satisfy the First-to-File Rule's requirement that the claims "substantially overlap." *See Nava*, 2008 U.S. Dist. LEXIS 45041, at *6–7 (finding the claims in two FLSA collective actions to be "nearly identical" where the "only distinction . . . is that the cases assert state law claims under the laws of different states"); *Steavens*, 2008 U.S. Dist. LEXIS 107555, at *4 (finding sufficient similarity of issues when the two collective actions "involve[] the same FLSA issues regarding classifications for overtime pay"); *see also Fuller*, 370 F. Supp. 2d at 689–90 (applying the First-to-File Rule where both FLSA collective actions involved claims of improper overtime compensation for the same class of the defendant's employees even though the second action added additional claims).

However, because the Tennessee Action was filed first, the Tennessee and Michigan Actions involve the same parties and substantially similar claims, this Court should dismiss the Michigan Action under the clear mandate of the First-to-File Rule.

**III.    28 U.S.C. § 1404(a) Also Favors a Transfer to the Middle District of Tennessee**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Congress enacted Section 1404 as a "'federal housekeeping measure,' allowing easy change of venue within a unified federal system."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).  Its purpose is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

The Sixth Circuit has suggested that relevant factors for considering these interests include: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of

trying the case most expeditiously and inexpensively; and (6) the interests of justice." *Reese v. CNH Am., LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995) (finding the interests of justice include: (i) the enforceability of a judgment; (ii) practical considerations, effecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the forum state; and (vi) the familiarity of the trial judge with the applicable state law).

In making its determination on the applicability of 28 U.S.C. § 1404(a), a trial court has considerable discretion based on a "case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see Reese*, 574 F.3d at 320 ("[D]istrict courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."). Typically, the moving party bears the burden of proving a transfer is warranted under 28 U.S.C. § 1404(a). *ND Acquisitions Corp. v. Bel Pre Leasing Co., LLC*, 2015 U.S. Dist. LEXIS 120653, at *4 (M.D. Tenn. Sept. 10, 2015). However, "where the plaintiff does not reside in the chosen forum[,] courts assign less weight to the plaintiff's choice," *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016), because the "assumption of convenience" for a foreign plaintiff is "'much less reasonable.'" *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)).

Further, "the deference afforded plaintiffs' chosen forum is 'considerably weakened' where the case has been brought as a class or collective action, as the instant action." *Blake v. Family Dollar Stores, Inc.*, 2007 U.S. Dist. LEXIS 47051, at *6–7 (S.D. Ohio June 19, 2007) (citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 613 (6th Cir. 1984)).

Here, a balance of the private and public interests weigh strongly in favor of a transfer of venue to the Middle District of Tennessee. Santa Rosa is headquartered and maintains its principal place of business in Middle District of Tennessee and most, if not all, of the relevant evidence, including employee pay records and personnel files, and many of the key witnesses, are located in Middle District of Tennessee. *See* Ex. 2, Logan Decl., ¶¶ 10-11.

Further, as the Named Plaintiffs themselves have acknowledged, the "events giving rise to [their] claims occurred within" the Middle District of Tennessee. *See* Tennessee Action Compl., ¶ 5 (Ex.1, Naylor Decl., Ex. A). In contrast, none of the Named Plaintiffs themselves live in Michigan or performed any work for Santa Rosa in Michigan and no evidence or witnesses are located in Michigan. *See* Compl. ¶¶ 6–12, ECF No. 1. In the context of a collective action, these facts weigh strongly in favor of a transfer under 28 U.S.C. § 1404(a). *See Hanlon v. Takeda Pharm. N. Am., Inc.*, 2011 U.S. Dist. LEXIS 42122, at *8–10 (N.D. Ohio Apr. 14, 2011) (finding in the context of an FLSA collective action that the location of "the witnesses of central

relevance," such as "senior and management level employees with policy-making and implementing authority," and the location of the documents of "central importance," such as "payroll and personnel files, as well as company policies and procedures," weigh in favor of transfer).

Moreover, because the Tennessee Action will continue regardless of whether this action is transferred, the failure to transfer this case would result in the same claims being prosecuted in two separate federal courts (including all of the judicial resources that entails) at considerable additional expense to Santa Rosa with an increased burden on the class members. Therefore, the existence of the Tennessee Action – the Named Plaintiffs original choice of forum - also strongly supports a transfer of this lawsuit to the Middle District of Tennessee. *See Staggert v. Team Oil Tools LP*, 2017 U.S. Dist. LEXIS 75873, at *9–11 (S.D. Ohio May 18, 2017) (finding the "convenience of the parties" in a collective action favored transfer to the district where the defendant was located when neither the named plaintiff nor any of the opt-ins were residents of the chosen forum and a similar suit was already pending in the other district).

Accordingly, all of the relevant factors, including the convenience of the parties, location of evidence, and logistical issues in trying the case as well as the availability of third-party witnesses, weigh strongly in favor of transfer.

The interests of justice also support a transfer.  As previously discussed in reference to the First-to-File Rule, the Tennessee Action involves nearly identical parties and claims.  Therefore, the prosecution and defense of a second parallel suit between the same parties bringing the same claims would create a significant but otherwise needless expense of financial resources and a waste of valuable judicial resources.  *See Blake*, 2007 U.S. Dist. LEXIS 47051, at *9 ("The United States Supreme Court has 'made quite clear that [t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990))); *Hanlon*, 2011 U.S. Dist. LEXIS 42122, at *12 (finding "the fact that a nearly identical claim has been filed against the same defendant" in another district weighs in favor of transfer to promote judicial efficiency).

Moreover, if any state has a local interest in this matter, it is Tennessee, where Santa Rosa is located.  In contrast, because none of the Named Plaintiffs reside in Michigan or performed any work in Michigan and no claims have been brought under Michigan law, there is no local interest in Michigan for this Court to protect. Therefore, the public interest factors weigh in favor of transfer.  *See Blake*, 2007 U.S. Dist. LEXIS 47051, at *7–8 (finding the public interest factors favored transfer because (1) "defendants are headquartered in North Carolina, [so] that jurisdiction

does indeed have a relation to this cause of action," (2) "the Court is unwilling to accept plaintiffs' complaint that they cannot expect a fair trial in the Western District of North Carolina, and (3) "[t]he North Carolina court, as well as all federal courts, are competent to consider causes of action under federal statutes.").

A transfer of this case to the Middle District of Tennessee would promote comity among federal courts, preserve valuable judicial resources, facilitate the orderly prosecution and defense of the claims at issue, allow for the convenience of the parties and witnesses, and be in the interest of justice.

Accordingly, because Santa Rosa is headquartered in Middle District of Tennessee, most of the relevant evidence and key witnesses are located in Tennessee, no evidence or witnesses are located in Michigan, and none of the Named Plaintiffs are residents of Michigan, the appropriate venue for this lawsuit is the Middle District of Tennessee, and this Court should transfer this case to that Court pursuant to 28 U.S.C. § 1404(a).

## IV.  The Venue Provisions Contained in the Underlying Agreements Are Not Applicable to Plaintiffs' FLSA and State Wage and Hour Claims

The sole basis that the Named Plaintiffs have articulated for their choice of venue in this Court is their belief that Santa Rosa will seek to enforce the provision in their respective employment and/or subcontractor agreements, which they assert may also be applicable to some of the proposed class members.  Compl. ¶ 5, ECF No. 1.  As an initial matter, Plaintiffs are operating under a false premise because

the venue provisions that Plaintiffs rely upon are simply not applicable to the claims at issue.

As set forth in the Logan Declaration, Santa Rosa hired or contracted with individuals like the Named Plaintiffs in states across the country to provide training to new users on how to use certain healthcare recordkeeping software.  *See* Ex. 2, Logan Decl., ¶ 21.  The majority of these individuals, including Named Plaintiffs Papadimitropoulos and Vallone, were hired as temporary W-2 employees pursuant to employment agreements.  *Id.*, ¶ 21 and Ex. B and C.  Various other individuals, such as Named Plaintiff Mendoza, provided professional services through thirty-party vendors pursuant to subcontractor agreements.  *Id.*, ¶ 21.

Specifically, Santa Rosa's form employment agreement, which was used with Named Plaintiffs Papadimitropoulos and Vallone, in a section entitled "Choice of Law and Forum" provides, in relevant part:

> Any action arising out of this Agreement or the termination of this Agreement, or the performance of services under this agreement, or the relationship between the parties established herein, shall be brought only in the Oakland County, Michigan, Circuit Court, or the United States District Court for the Eastern District of Michigan, Southern Division at Detroit, Michigan, and Employee hereby consents to and submits to the personal jurisdiction of either of such courts for such purpose.

*Id.*, Ex. B, ¶ 18.

Similarly, Santa Rosa's form subcontractor agreement, which was used with Named Plaintiff Mendoza, in a section entitled "General Terms", provides, in relevant part:

> This Agreement shall be governed by the laws of the State of Michigan, without regard to choice of law principles. The exclusive jurisdiction for any legal proceeding regarding this Agreement shall be in the Oakland County Circuit Court, Michigan or United States District Court for the Eastern Michigan District of Michigan, Southern Division at Detroit, Michigan, and the parties expressly agree that jurisdiction and venue are proper in said courts.

*Id.*, Ex. A, ¶ 15.

While the venue clauses in the employment agreement and the subcontractor agreement are slightly different, both venue clauses specifically refer to "[t]his agreement". In other words, the venue provisions in both the employment agreement (Papadimitropoulos and Vallone) and the subcontractor agreement (Mendoza) are specifically limited to and only apply to matters in the underlying agreement itself not to outside or extraneous claims or disputes such as the Named Plaintiffs' FLSA claims.

Significantly, the claims asserted by the Named Plaintiffs in this action have nothing to do with and are not otherwise related to either the Named Plaintiffs' underlying employment agreements (Papadimitropoulos and Vallone) or subcontractor agreements (Mendoza). In other words, Plaintiffs' FLSA claims

do not depend on the existence of the underlying employment agreement or the subcontractor agreement.

In fact, even a cursory review of the Complaint reflects that no breach of contract claims are asserted. Compl. ¶ 1, ECF No. 1. Rather, the Complaint asserts claims for alleged violations of the FLSA and various state wage and hour laws based on allegations that Santa Rosa failed to pay applicable overtime or minimum wages and failed to properly compensate workers for out-of-town travel. *Id.*

Accordingly, the venue provisions contained in both the form employment agreements and subcontractor agreements are not applicable here and cannot be enforced to confer venue in this Court for Plaintiffs' FLSA claims. *See Garcia v. S. Grover, CPA, PLLC*, 2018 WL 5818106, at **3-4 (S.D.N.Y. Oct. 19, 2018) (denying defendant's motion to dismiss or transfer case to District of New Jersey on the basis of a forum selection clause in the Plaintiff's employment agreement); *Pacheco v. St. Luke's Emergency Assocs., P.C.,* 879 F. Supp. 2d 136, 140-42 (D. Mass. 2012) (FLSA claims not subject to forum selection clause applying to "any dispute derived out of employment agreement"); *Crouch v. Guardian Angel Nursing, Inc.,* 3:07–cv–00541, 2009 WL 3738095, at *2-3 (M.D. Tenn. Nov. 4, 2009) (FLSA claim not governed by clause that applied to "any action to enforce any provision of this agreement"); *Perry v. Nat'l City Mortg., Inc.,*

No. 05-CV-891-DRH, 2006 WL 2375015, at *4-5 (S.D. Ill. Aug. 15, 2006) (forum selection clause applying to "this Agreement" did not apply to FLSA claims); *Saunders v. Ace Mortg. Funding, Inc.,* No. 05-1437, 2005 WL 3054594 (D. Minn. Nov. 14, 2005) (forum selection clause applying to "this contract" did not encompass FLSA claims because "Plaintiffs' FLSA claims do not depend on the existence of the employment contract").

## V.   The Choice of Venue Provision Has No Bearing on the Decision to Transfer Because It Has Been Affirmatively Waived by Both Parties

Assuming *arguendo* that the venue provisions contained in the Named Plaintiffs' respective employment and/or subcontractor agreements may be applicable, Plaintiffs are barred from invoking or otherwise relying upon those provisions because both parties have waived those provisions.

As set forth in detail in the accompanying Naylor Declaration, Santa Rosa explicitly and affirmatively waived enforcement of these venue provisions for purposes of this action or the Tennessee Action in numerous direct communications with counsel for the Named Plaintiffs, in open court before Magistrate Judge Chip Frensley in Tennessee and in writing. *See* Ex.1, Naylor Decl., ¶¶ 7 – 9 and Ex. E (July 16 Waiver Letter).

Likewise, although they have never expressly sought to enforce these choice of venue provisions, the Named Plaintiffs have also waived them by their own affirmative conduct, namely, through their filing of the Tennessee Action. *See*

*MoneyForLawsuits V Ltd. P'ship v. Rowe*, 2012 U.S. Dist. LEXIS 43558, at *16 (E.D. Mich. Jan. 23, 2012) (finding the plaintiffs had waived enforcement of a forum selection clause by filing suit in another forum).

Each of the Named Plaintiffs were or should have been in possession of their respective employment and/or subcontractor agreements at the time they filed the Tennessee Action.  Each of the Named Plaintiffs knew or should have known of the venue provision contained in their respective employment and/or subcontractor agreements at the time they filed the Tennessee Action.  Each of the Named Plaintiffs voluntarily commenced and/or joined the Tennessee Action.  *See* Ex.1, Naylor Decl., ¶ 3 and Ex. B (Consents to Join Tennessee Action).

Accordingly, the choice of venue provisions, which both parties have waived and neither party has sought to enforce, should not affect or otherwise have any bearing on the Court's decision on Santa Rosa's motion in the alternative to transfer venue.

## CONCLUSION

Despite already filing a lawsuit with substantially similar claims in the Middle District of Tennessee, it is clear that the Named Plaintiffs filed this action here in Michigan because they are engaged in forum shopping, seek to harass Santa Rosa and gain a tactical litigation advantage by creating a "two-front" litigation battle in two different federal courts.  While Plaintiffs are entitled to their day in court and a

fair hearing on their claims, their conduct in filing two separate lawsuits alleging the same claims in different jurisdictions is an abuse of the judicial system and should not be countenanced by this Court.

Indeed, under any reasonable review of the underlying facts, the chronology of events and the applicable law, it is clear that this action should be dismissed under Fed. R. Civ. P. 12(b)(3) and/or the First-to-File Rule, or in the alternative, it should be transferred to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a).

Accordingly, for all of the foregoing reasons, Santa Rosa respectfully requests that this action be dismissed, or in the alternative, that it be transferred to the United States District Court for the Middle District of Tennessee.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

s/*Bruce L. Sendek*
150 West Jefferson, Suite 100
Detroit, MI  48226-4452
(313) 225-7000
sendek@butzel.com
P28095

*Attorneys for Plaintiff,*
*Santa Rosa Consulting, Inc.*

Dated:  August 22, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on **August 22, 2019**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

**BUTZEL LONG, a professional corporation**

s/*Bruce L. Sendek*
150 West Jefferson, Suite 100
Detroit, MI  48226-4452
(313) 225-7000
sendek@butzel.com
P28095